INDEPENDENT HARVESTER COMPANY, Appellant, v.

LEE, Respondent.

(168 N. W. 28.)

(File No. 4301. Opinion filed June 11, 1918. Rehearing denied
July 24, 1918.)

**Corporations—Recovery on Notes for Corporate Stock—Rescission
Unplead, Unsupported by Evidence—Failure to Direct Ver-
dict, Effect.**

In a suit to recover on notes given for shares of plaintiff's
corporate stock, defendant alleging facts warranting a rescis-
sion which he did not plead, **held,** he was not entitled to
judgment of rescission; it further appearing that, after learn-
ing facts revealing the fraud set up, and after making a
demand not amounting to rescission, he treated the stock as
his own. **Held,** further, that, jury having returned verdict
for defendant for all he had paid on the notes, trial court
should have directed verdict for plaintiff.

Appeal from Circuit Court, Minnehaha County. Hon. Jos-
EPH W. JONES, Judge.

Action by the Independent Harvester Company, against Gil-
bert E. Lee, to recover on promissory notes. From a judgment
for defendant, and from an order denying plaintiff's motion for
directed verdict, plaintiff appeals. Reversed.

*Cherry & Abbott,* and *Roy B. Marker,* for Appellant.

*Parliman & Parliman,* and *Krause & Krause,* for Respond-
ent.

Appellant cited, re rescission: Grymes v. Sanders, 93 U. S.,
55, 63; 23 L. Ed. 798, 802; Helm v. Wright, Colo., 168, Pac.
36; 6 R. C. L. 935.

WHITING, P. J. Plaintiff had sold to defendant several
shares of its stock, taking from defendant several notes in pay-
ment therefor. Defendant had paid some of these notes. This
action was brought to recover on the unpaid notes. Defendant
alleged facts upon which he might have sought a rescission of
the original transaction, and he asked judgment for the sums
which he had paid on the notes. He did not plead a rescission.
Neither did the evidence prove more than that at one time he
made a demand upon plaintiff, indicating a desire and perhaps
a present intention to attempt a rescission. The evidence also
established without dispute that, after learning facts which re-

vealed the fraud, if any, which had been practiced upon him, and after making the demand above referred to, he treated the stock as his own and attempted to sell same. It is therefore clear that defendant neither rescinded nor was entitled to a judgment of rescission. The instructions of the trial court were to the effect that defendant was entitled to recover if he acted promptly upon discovering the facts upon which a right to rescind might be based. The jury returned a verdict in favor of defendant for all he had paid on the notes. There being no rescission proven and no proof of facts warranting a judgment of rescission, the trial court should have directed a verdict for plaintiff.

The judgment and order appealed from are reversed.